*Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *Lehner v Dormitory Auth.,* 201 AD2d 948; *Maracle v DiFranco,* 197 AD2d 877). Because the element was at the same level as the work site, plaintiff's injury was the result of a risk of a myriad of everyday work activities not involving heights *(see, Staples v Town of Amherst,* 146 AD2d 292, 300; *Yaeger v New York Tel. Co.,* 148 AD2d 308, 312; *see also, Maracle v DiFranco, supra,* at 878). Notwithstanding the fact that defendant did not cross-move for summary judgment, this Court has the power to search the record and award summary judgment to a non-moving party *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111). Therefore, we grant partial summary judgment to defendant dismissing plaintiffs' cause of action under Labor Law § 240 (1).

We conclude that there is no merit to defendant's remaining arguments. Supreme Court did not abuse its discretion in permitting plaintiffs' experts to testify *(see,* CPLR 3101 [d] [1] [i]; *Lillis v D'Souza,* 174 AD2d 976, *lv denied* 78 NY2d 858). The verdict did not deviate materially from what would be reasonable compensation and is not excessive *(see,* CPLR 5501 [c]). Finally, the court did not err in refusing to reduce the future damages to present value *(see, Stiles v Batavia Atomic Horseshoes,* 174 AD2d 287, 293, *revd on other grounds* 81 NY2d 950). In the interest of judicial economy, because all parties have had a full and complete opportunity to litigate the damages issues, we conclude that there is no reason to order a retrial of those issues.

Thus, we grant a trial on the issue of liability only with respect to plaintiffs' remaining causes of action. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Negligence.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.

■ MICHAEL SMERKA et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION, Appellant. (Appeal No. 2.) [616 NYS2d 274] —Appeal unanimously dismissed without costs *(see,* CPLR 5501 [a] [2]). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—New Trial.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.

■ MICHAEL SMERKA et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION, Appellant. (Appeal No. 3.) [616 NYS2d 274] —Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567).